IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Clarence Clay, #10556-002, ) | |
| ) | Civil Action No.8:08-328-GRA-BHH |
| Petitioner, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| John LaManna, Warden of ) | |
| FCI - Edgefield, ) | |
| ) | |
| Respondent. ) | |

The petitioner, a federal prisoner, seeks relief pursuant to Title 28, United States Code, Section 2241. This matter is before the Court on the respondent's motion to dismiss (Dkt. # 11) and the petitioner's motion for issuance of a subpoena (Dkt. # 13).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

The petitioner brought this habeas action on January 31, 2008. On May 9, 2008, the respondent moved for summary judgment. By order filed May 14, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On June 6, 2008, the petitioner filed a response opposing the respondent's motion.

## **FACTS**

When the petitioner filed this habeas action, he was being housed at the Federal

Correctional Institution in Edgefield ("FCI- Edgefield").  (*See* Pet.)   The petitioner is currently being housed at Dismas House Atlanta, a halfway house in Atlanta, Georgia. (Resp't.'s Mem. Supp. Summ. J. Mot. Ex. A.)  The petitioner's anticipated release date is October 12, 2008.

While at FCI-Edgefield, the plaintiff was assigned to work on an outside detail job in the community beginning on June 5, 2007.  (Pet'r.'s Resp. Opp. Summ. J. Mot. at 1.) However, he alleges that on June 20, 2007, he was removed from that work detail due to a back injury he received while on the job on June 12, 2007.  (*Id.*; Pet. at 5).  The plaintiff alleges that he was told that pursuant to an unwritten Bureau of Prison ("BOP") policy, only those inmates with an outside detail job are granted furloughs.  (Pet. 5.)  He states that there are only eighteen outside detail jobs and thus only four percent of the inmates at FBI-Edgefield can participate in the furlough program.  (*Id.;* Pet'r.'s Resp. Opp. Summ. J. Mot. at 2.)

In February 2007, the plaintiff alleges he had discussions with his unit team regarding his participation in the furlough program.  (Pet. at 2)  He alleges on August 17, 2007, he was approved to apply for furlough.  (*Id.*)  The petitioner requested consideration for a social furlough, but the BOP denied the request because the petitioner was participating in a Residential Drug Abuse Treatment Program  ("RDAP") and it was anticipated he would be placed in a Residential Re-entry Center ("RRC") for six months

prior to actual release. (Pet. Ex. 2.)[1]  The record shows the plaintiff successfully completed the RDAP and, in April 2008, the plaintiff was placed in an RRC, the Dimas House, in Atlanta.

In his petition, the petitioner is seeking order requiring the respondent to explain why the petitioner cannot participate in the furlough program and a permanent injunction barring the FCI-Edgefield staff from operating under the unwritten policy where inmates who do not have outside jobs are denied furlough, and grant all qualified inmates furlough as appropriate.  (Pet. at 6.)

## **DISCUSSION**

The petitioner has filed this habeas petition pursuant to 28 U.S.C. § 2241, alleging the respondent has unfairly denied him furlough.  (Pet.) The respondent contends the petition should be dismissed as it is moot and without merit.  The undersigned agrees.

### *Mootness*

The Constitution limits the jurisdiction of federal courts to actual cases or controversies.  U.S. Const. art. III, § 2; *Honig v. Doe*, 484 U.S. 305, 317 (1988).  A federal court has no authority to render a decision upon moot questions or declare rules of law that cannot affect the matter at issue.  *Church of Scientology v. United States,* 506 U.S. 9, 12 (1992).  Thus, a case becomes moot when the issues presented are no longer live, or when the parties lack a cognizable interest in the outcome. *Nakell v. Attorney Gen. of N.*

---

[1] RRCs are community-based facilities that provide inmates with reintegration into family and community life. 28 C.F.R.§§570.20 and .21; and §550.59(b).

*Carolina,* 15 F.3d 319, 322 (4th Cir.1994); *Lane v. Williams*, 455 U.S. 624, 631 (1982) (holding that habeas petitions were moot after prisoners' sentences expired and where prisoners had attacked only their sentences). "The test for mootness is whether the relief sought would, if granted, make a difference to the legal interests of the parties." *SW Williamson County Comm. Ass'n, Inc. v. Slater*, 243 F.3d 270, 276 (6th Cir. 2001).

In his petitioner, the petitioner sought the granting of a social furlough. The petitioner is currently in a RRC and he cannot be granted furlough. Thus, his petition is moot.

***Merits***

In any event, an inmate does not have a liberty interest in either halfway house placement or a furlough program. *See, e.g., Bowser v. Vose,* 968 F.2d 105, 106 (1st Cir.1992) ("It is clear that the denial of a furlough implicates no inherent liberty interest.") (collecting cases). The authority to grant furlough to federal prisoners rests solely with the BOP. *See* 18 U.S.C. §3622. Although the regulations state the conditions that must be satisfied before a furlough is granted, the regulations do not require the granting of a furlough upon the satisfaction of these conditions. 18 U.S.C. § 4082; 28 C.F.R. §§ 570.32, 570.3435. "[T]he regulations were not intended to create any entitlement to a furlough under any circumstances." *Gilliam v. Quinlan,* 608 F.Supp. 823, 834 (S.D.N.Y.1985). *See also Bauman v. Arizona Dep't of Corrections,* 754 F.2d 841, 846 (9th Cir.1985) (denial of work and home furlough does not implicate constitutional interests because no state created liberty interest); *Smith v. Saxbe*, 562 F.2d 729, 734 (D.C.Cir.1977). *Greenholtz v.*

*Inmates of the Nebraska Penal and Corrections Complex*, 442 U.S. 1 (1979) (inmates have "no protected entitlement" to furloughs from custody where the grant or denial of the request rests within the discretion of prison administrators). Therefore, the petition should be dismissed.

Furthermore, to the extent that the petitioner alleges that he was discriminated against and asserts damages (Pet'r.'s Mem. Opp. Summ. J, Mot. at 3.), a habeas petition is not the proper vehicle to bring such a claim. *See Georgevich v. Strauss*, 772 F.2d 1078, 1086 (3d Cir. 1985) (suit properly brought under § 1983 when it sought only the equal application of statutory furlough eligibility criteria and not release).

## **CONCLUSION AND RECOMMENDATION**

Based on the foregoing, it is RECOMMENDED that the Respondent's Motion to Dismiss (#11) be GRANTED and the Petitioner's claims be DISMISSED WITH PREJUDICE.

Further, it is RECOMMENDED that the Petitioner's Motion for the Issuance of a Subpoena (#13) be DENIED as Moot.

IT IS SO RECOMMENDED.

*[signature]*
BRUCE H. HENDRICKS
UNITED STATES MAGISTRATE JUDGE

September 24, 2008
Greenville, South Carolina

5

**The petitioner's attention is directed to the important notice on the next page.
Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).